UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
    -against-                        :
                                     :   Docket No.: 10-CR-1060-04 (RPP)
GERALDO MARTINEZ,                    :
                                     :
                      Defendant.     :
-----------------------------------------------X

### DEFENDANT'S SENTENCING MEMORANDUM

Please take notice that the above defendant respectfully requests that the Court consider the attached materials regarding the sentencing of the above defendant.

Yours, etc.

_____
Jonathan Marks (JM-9696)
Jonathan Marks, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
212-545-8008

cc:   Hadassa R. Waxman, Esq.
      Assistant United States Attorney

      Jemmard Thomas
      United States Probation Officer

JONATHAN MARKS, P.C.
ATTORNEYS AT LAW
220 FIFTH AVENUE
3RD FLOOR
NEW YORK, N.Y. 10001

E-MAIL: jonmarkspc@gmail.com
URL:    www.jonmarks.com

TEL: (212) 545-8008
FAX: (212) 889-3595

August 9, 2011

The Honorable Robert P. Patterson
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Omar Gonzalez, et al**
              **Docket No.: 10-CR-1060-04(RPP)**

Dear Judge Patterson:

      **Geraldo Martinez** is scheduled to be sentenced on August 15. I am writing to Your Honor to request a sentence of 41 months at the low end of the Guidelines range

      Mr. Gonzalez is 23 years old. On April 13, 2011, he pled guilty to the lesser included offense under Count One of the Indictment of conspiracy to distribute crack cocaine in violation of 21 USC § 841(b)(1)(C), which carries no mandatory minimum sentence.

      This young man has led a deeply troubled life, marked by constant drug and alcohol abuse and a long string of criminal activity. He was raised in circumstances that made him an excellent candidate for future drug abuse and criminality. His mother, an alcoholic and a drug addict, was emotionally abusive, causing him to move out of her house at age 13 (PSR ¶ 91). It is very clear that he needs treatment for his heretofore untreated substance abuse. It is for that reason I respectfully request that the court recommend that Mr. Martinez be admitted to the Bureau of Prisons' 500–hour RDAP, notwithstanding the fact that he is ineligible for early release because of his criminal record.

      Mr. Gonzalez pled guilty pursuant to a plea agreement containing an incorrect stipulated Guidelines range of 37 to 46 months. As it happened, the agreement miscalculated Mr. Gonzalez's criminal history. The Probation Department properly recalculated the Guidelines range as 41 to 51 months. It recommends a sentence of 51 months. For the reasons set forth below, I request a sentence of 41 months.

      Mr. Martinez is one of the least culpable of the defendants in this case inasmuch as he was simply a hand-to-hand drug dealer, who made one sale of crack to an undercover officer (PSR ¶ 23). Many of his co-defendants made many more sales. Nelson Velez made 19 sales, Juane Camacho made 17, Denise Alamo 12, Nivia Alamo three, Raymond Lopez six, and Alex Amante three (PSR ¶¶ 21, 22, 24, 25, 28 and 29).

JONATHAN MARKS, P.C.

The Hon. Robert P. Patterson
August 9, 2011
Page 2

 

The Probation Department's recommendation of a sentence at the top of the Guidelines range is grounded on "the sentencing objectives of punishment and protection of the public" in view of his extensive criminal history (PSR p. 22). I submit that a Guidelines sentence of 41 months is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a). This is so because of this man's young age, the fact that he will in all likelihood receive much needed drug treatment while he is in prison, and that three years of incarceration is sufficient to provide him with needed educational and vocational training. This will be Mr. Martinez's first lengthy prison sentence. Ideally, when Mr. Martinez is released from prison, he will be drug free and will have learned a skill which he can use to obtain legitimate employment for the first time in his life.

For these reasons, I respectfully request that the court sentence Mr. Gonzalez to a period of 41 months incarceration with a recommendation that he be considered for RDAP.

                                                   Respectfully submitted,

                                                   Jonathan Marks

cc:     Hadassa R. Waxman, Esq.
        Assistant United States Attorney

        Jemmard Thomas
        U. S. Probation Officer